### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | |
|---|---|
| LAURA BRALEY, Individually, and On Behalf of All Others Similarly Situated, <br><br>       Plaintiff, <br><br>    v. <br><br> MASHNOON AHMED; CHRISTOPHER ANGELES; BRANDECO, LLC d/b/a/ brandnex.com; CASAD COMPANY d/b/a Totally Promotional; CUSTOM WRISTBANDS, INC. d/b/a Kulayful Silicone Bracelets, kulayful.com, speedywristbands.com, promotionalbands.com, wristbandcreation.com, and 1inchbracelets.com; AKIL KURJI; AZIM MAKANOJIYA; NETBRANDS MEDIA CORP. d/b/a 24hourwristbands.com and imprint.com; AND ZAAPPAAZ, INC. d/b/a WB Promotions, Inc., wrist-band.com, and customlanyard.net, <br><br>       Defendants. | Case No.: 4:17-cv-03064 (MH) <br><br> Judge: Hon. Melinda Harmon |

### PLAINTIFF KIMBERLY KJESSLER'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTIONS TO DESIGNATE A LEAD CASE, FOR CONSOLIDATION OF LATER-FILED AND TRANSFERRED CASES, AND FOR APPOINTMENT OF INTERIM LEAD AND LIAISON COUNSEL

Plaintiff Kimberly Kjessler, the named plaintiff in *Kjessler v. Zaappaaz, Inc. et al.*, Case No. 3:17-cv-1361, D. Or. ("the *Kjessler* Action"), files this Response in Opposition to Plaintiff Laura Braley's Motion to Designate a Lead Case and for Consolidation in this action ("the *Braley* Action").

This Court should deny Plaintiff Braley's motion for at least two reasons.  First, Plaintiff Braley has filed a motion before the Judicial Panel on Multidistrict Litigation to transfer all related cases to this Court, a motion that might be mooted in light of Plaintiff Kjessler's own motion to transfer her case to this Court.  It would not be appropriate to appoint lead counsel prior to transfer of the related cases and the provision of an orderly leadership application process.  Second, Plaintiff Braley's motion is also procedurally improper, as Plaintiff Braley attempts to do precisely what she has argued to the District Court in Oregon should not be done: attempt to resolve a leadership dispute in a single case, before transfer is completed and all known parties and their counsel are before this Court or any transferee court.

## STATEMENT OF FACTS

In August 2017, four of the Defendants present in both the *Kjessler* Action and *Braley* Actions—Zaappaaz, Inc., Azim Makanojiya, Custom Wristbands, Inc. and Christopher Angeles—indicated that they would plead guilty to price-fixing of customized promotional products, including customized silicone wristbands, in violation of Section 1 of The Sherman Act.  These guilty pleas were in conjunction with a broader investigation by the Department of Justice into direct online sellers of customized promotional products.

On August 30, 2017, following investigation by counsel, Plaintiff Kjessler filed her initial class action complaint in the District of Oregon.  *See Kjessler v. Zaappaaz, Inc. et al.*, Case No. 3:17-cv-1361, D. Or., ECF No. 1.  On September 8, 2017, after considerable further investigation and multiple interviews with witnesses by her counsel, Plaintiff Kjessler filed an amended class action complaint, introducing important new allegations and naming an additional defendant *See id.*, ECF No. 13.

Nearly a month and a half after Plaintiff Kjessler filed her initial complaint, Plaintiff Braley, on October 12, 2017, filed a complaint mirroring and copying Plaintiff Kjessler's amended complaint in all significant respects.  *See* ECF No. 1 in the instant *Braley* Action.  Two business days later – well before Defendants were even served notice of the *Braley* complaint – Plaintiff Braley began a proceeding before the J.P.M.L. by filing a Motion for Consolidation and Transfer seeking to transfer the *Kjessler* Action to the Southern District of Texas.  *See In re Customized Promotional Products Antitrust Litigation*, MDL No. 2812, ECF No. 1.

On October 19, 2017, Plaintiff Kjessler sought to quickly resolve the forum dispute in the most time-efficient way, through a motion for voluntary transfer under 28 U.S.C. § 1404 before the U.S. District Court in Oregon. This motion was made after consultation with counsel for the Defendants.  In that regard, Plaintiff Kjessler's counsel sought authorization to deal with inevitable interim proceedings as the interim class counsel pursuant to Fed. R. Civ. P. 23(g). Without any communication to either Plaintiffs or Defendants in the *Kjessler* Action, Plaintiff *Braley*'s counsel interposed itself into the Oregon matter, in the form of a letter emailed to Judge Beckerman, asking Judge Beckerman to reject Plaintiff Kjessler's agreed motion and stating that "the Southern District of Texas should conduct an open and transparent process to appoint class counsel among competing candidacies in accordance with Fed. R. Civ. P. 23(g)."  *See* Ex. A, letter from John Radice to the Honorable Stacie F. Beckerman of October 27, 2017.

On November 27, 2017, Plaintiff Klaire Rueckert filed a complaint naming most of the same parties as the *Kjessler* Action in the Southern District of Texas ("the *Rueckert* Action"). *See Rueckert v. Zaappaaz, Inc. et al.*, Case No. 4:17-cv-3607, S.D. Tex. The *Kjessler* and *Rueckert* Plaintiffs are represented by Wolf Haldenstein Adler Freeman & Herz LLP ("Wolf

Haldenstein") as Counsel.   Plaintiff Rueckert also opposes Plaintiff Braley's motion as premature, and ultimately one this Court should not adopt.

The *Kjessler* and *Braley* Actions alone are presently before the J.P.M.L., though as required under Panel Rules, the *Rueckert* Action will shortly be noticed as a Related Action in the pending MDL.  Plaintiff Kjessler filed a Response in Opposition to the Motion to Transfer before the JPML, arguing that Plaintiff Braley's motion was moot given that Plaintiff Kjessler and several defendants in the *Kjessler* Action had, without opposition, previously applied to the Oregon District Court to transfer the *Kjessler* Action.  *See In re Customized Promotional Products Antitrust Litigation*, MDL No. 2812, ECF No. 10. As of this writing, both the MDL transfer motion and the voluntary transfer motion are pending.

## ARGUMENT

I.   **This Court Should Deny Plaintiff Braley's Motion and Order Briefing on Leadership Applications Once All Related Cases Have Been Transferred.**

Plaintiff Braley and her counsel should not be heard on the issue of leadership until the process she set in motion has been duly decided.  Under Fed. R. Civ. P. 23(g), the motions of counsel seeking interim lead status should be briefed when the related cases arrive before this Court.

In the ordinary course, courts will generally refrain from appointing interim class counsel before related cases have been transferred or consolidated. Indeed, courts in this District have, in the past, disfavored premature motions for appointment of interim class counsel when other actions are not pending as part of a consolidation.  *Gedalia v. Whole Foods Mkt. Servs.*, 2014 U.S. Dist. LEXIS 137427 at *6 (S.D. Tex., Sept. 29, 2014) (Harmon, J.) ("There is no pending motion for consolidation. Multiple firms have not sought designation. Plaintiffs have failed to

show prejudice to the putative class. On the contrary, premature granting of interim counsel designation may prejudice the class."); *see also In re Wells Fargo Wage & Hour Empl. Practices Litig.,* 2011 U.S. Dist. LEXIS 159953 (S.D. Tex., Dec. 19, 2011) (appointing interim lead counsel following consolidation pursuant to J.P.M.L. transfer and centralization); *Steck v. Santander Consumer USA Holdings Inc.,* 2015 U.S. Dist. LEXIS 122026 (N.D. Tex., Sept. 3, 2015) (appointing interim lead counsel following transfer pursuant to 28 U.S.C. § 1404).

In this case, the putative class will benefit from the imposition of an orderly leadership application process once all cases are before the Court. At that time, Counsel may submit their applications evidencing their willingness and ability to serve in a leadership role. Respectfully, the Court should deny Plaintiff Braley's motion and refrain from appointing interim lead counsel until transfer has occurred.

II.   **Plaintiff Braley's Inconsistent Positions Militate for Denial.**

Plaintiff Braley's motion should likewise be denied because it is inconsistent with the position she adopted in a letter filing in the District of Oregon. As stated supra, in the *Kjessler* action, Plaintiff Braley filed a letter with the Court while Plaintiff's Kjessler's motion to transfer was pending stating that the interim class counsel decision should be made by the court in the Southern District of Texas through "an open and transparent process." At the time, Plaintiff Kjessler had sought appointment of interim lead counsel in her case alone to deal with inevitable case management issues. Plaintiff Braley argued that such an appointment was premature and should not be made while a motion was pending before the JPML. Plaintiff Braley should be compelled to abide by the position she took before the district court in Oregon.

## **CONCLUSION**

For the foregoing reasons, Plaintiff Kimberly Kjessler respectfully requests that this court

deny Plaintiff Laura Braley's motion on the grounds that it is premature.

Dated: December 7, 2017                                    Respectfully submitted,

                                                                    /s/ Warren T. Burns

                                                                    Warren T. Burns
                                                                    TX State Bar No. 24053119
                                                                    **BURNS CHAREST LLP**
                                                                    900 Jackson Street, Suite 500
                                                                    Dallas, Texas 75202
                                                                    Telephone: (469) 904-4550
                                                                    Facsimile: (469) 444-5002
                                                                    wburns@burnscharest.com

                                                                    Thomas H. Burt
                                                                    (to be admitted Pro Hac Vice)
                                                                    WOLF HALDENSTEIN
                                                                    ADLER FREEMAN & HERZ LLP
                                                                    270 Madison Ave.
                                                                    New York, New York 10016
                                                                    Telephone: (212) 545-4600
                                                                    Facsimile: (212) 686-0114
                                                                    burt@whafh.com

                                                                    Carl V. Malmstrom
                                                                    (to be admitted Pro Hac Vice)
                                                                    Theodore B. Bell
                                                                    (to be admitted Pro Hac Vice)
                                                                    WOLF HALDENSTEIN
                                                                    ADLER FREEMAN & HERZ LLC
                                                                    70 W. Madison St., Suite 1400
                                                                    Chicago, Illinois 60602
                                                                    Telephone: (312) 984-0000
                                                                    Facsimile: (312) 212-4401
                                                                    malmstrom@whafh.com
                                                                    tbell@whafh.com

                                                                    Keith S. Dubanevich
                                                                    (to be admitted Pro Hac Vice)
                                                                    Steve Larson

(to be admitted Pro Hac Vice)
STOLL STOLL BERNE LOKTING
& SHLACHTER P.C.
209 SW Oak Street, Suite 500
Portland, OR 97204
Telephone: (503) 227-1600
Facsimile: (503) 227-6840
kdubanevich@stollberne.com
slarson@stollberne.com

**Attorneys for Plaintiff Kimberly Kjessler**

## CERTIFICATE OF SERVICE

On December 7, 2017, I electronically submitted the foregoing document with the clerk of the court for the U.S. District Court, Southern District of Texas, using the electronic case filing system. I hereby certify that I have provided copies to all counsel of record electronically or by another manner authorized by Fed. R. Civ. P. 5(b)(2).

/s/ Warren T. Burns
Warren T. Burns
TX State Bar No. 24053119
**BURNS CHAREST LLP**
900 Jackson Street, Suite 500
Dallas, Texas 75202
Telephone: (469) 904-4550
Facsimile: (469) 444-5002
wburns@burnscharest.com

# EXHIBIT A

# RADICE LAW FIRM, P.C.

34 Sunset Blvd
Long Beach, NJ 08008
Phone: (646) 245-8502
Fax: (609) 385-0745

October 27, 2017

The Honorable Stacie F. Beckerman
United States Magistrate Judge
United States District Court, District of Oregon, Portland Division
Mark O. Hatfield U.S. Courthouse
1000 S.W. Third Avenue
Portland, OR 97204

Re:   **Kjessler v. Zaappaaz, Inc. et al.**, 17-cv-1361 (D. Or.) (the "Oregon Action")

Dear Judge Beckerman:

We are counsel for plaintiff Laura Braley in *Braley v. Ahmed, et al.*, 17-cv-3064 (S.D. Tex.) (the "Texas Action"), an antitrust action in the Southern District of Texas involving many of the same defendants and alleging similar conduct as alleged in the Oregon Action.

After first requesting that plaintiffs in the Oregon Action dismiss and refile their case in the Southern District of Texas – which request at the time they refused – on October 16, 2017, we moved the U.S. Judicial Panel on Multidistrict Litigation to consolidate the two actions, and likely follow-on actions, in the Southern District of Texas.

On October 19, 2017, Oregon Action plaintiff Kimberly Kjessler moved jointly (the "Stipulated Motion") with defendants Netbrands Media Corp., Zaappaaz, Inc., Azim Makanojiya, Custom Wristbands, Inc., and Christopher Angeles (who are all defendants in both the Oregon Action and Texas Action) to (1) appoint Ms. Kjessler's counsel Wolf Haldenstein as interim class counsel, and (2) transfer the Oregon Action to the Southern District of Texas.  The Stipulated Motion also sets forth that Casad Company, also a defendant in both the Oregon Action and the Texas Action, had reached an agreement that was expected to result in the voluntary dismissal of claims against it.

On October 23, 2017, a "corrected" version of the Stipulated Motion was filed that removed defendants Custom Wristbands, Inc. and Christopher Angeles as signatories.

The Stipulated Motion is overbroad, unnecessary, and inappropriate, and should not be entered in its current form.

*First*, the Stipulated Motion provides for transfer of the Oregon Action to the Southern District of Texas.  After rejecting our request to refile the Oregon Action in the Southern District of Texas, counsel for the Oregon Action plaintiff now concedes that it was an error to file in Oregon and that the Southern District of Texas is a more appropriate jurisdiction.  But the instant motion is a cumbersome and inefficient way to move the case to the Southern District of Texas.  Since no defendant has answered or moved to dismiss, plaintiff Kjessler could simply dismiss the case under Fed. R. Civ. P. 41(a)(1)(A)(i) and refile it in the Southern District of Texas.  That would allow for the most efficient prosecution of this action.

*Second*, Texas Action plaintiff Braley does not agree to dismiss Casad as a defendant, and plaintiff Braley and her counsel were not consulted about this decision.  Any decision about whether to dismiss Casad should apply only to plaintiff Kjessler, and should not apply to the proposed class.

*Third*, it seems that the real reason for this instant motion is an entirely inappropriate attempt by Wolf Haldenstein, counsel for Oregon Action plaintiff Kjessler, to circumvent the Fed. R. Civ. P. 23(g) process for appointment of interim lead counsel.  The decision about appointing interim class counsel should be made by the court that will hear the action – which will be the Southern District of Texas.  The undersigned is unaware of any court usurping another court's case management prerogatives by appointing lead counsel and then simultaneously transferring the case to another jurisdiction, and this Court should reject Wolf Haldenstein's invitation to do so here.

Wolf Haldenstein sought to exclude competing applications for appointment of lead counsel by providing no notice to counsel for other plaintiffs of its application.  Even more egregiously, Wolf Haldenstein appears to have colluded with Defendants by *jointly* moving for the appointment of the lead counsel most beneficial to Defendants – which by definition means the counsel *least* appropriate for the proposed class.

Wolf Haldenstein's actions raise clear conflict of interest issues and are the sort of "reverse auction" that courts frown upon.  A "reverse auction" is where there are competing counsel for plaintiffs, and defendants seek to negotiate with the one that will provide the best deal *for the defendants*.  *See e.g.* **Manual for Complex Litigation, Fourth** (2004), at §21.61 ("[A] defendant selects among attorneys for competing classes and negotiates an agreement with the attorneys who are willing to accept the lowest class recovery[.]"); **Reynolds v. Beneficial Nat'l Bank**, 288 F.3d 277, 282 (7th Cir. 2002) ("[T]he defendant in a series of class actions picks the most ineffectual class lawyers to negotiate a settlement with in the hope that the district court will approve a weak settlement that will preclude other claims against the defendant."); **Cobarruviaz v. Maplebear, Inc.**, 2016 U.S. Dist. LEXIS 136205, at *6 (N.D. Cal. Sep. 30, 2016) ("The existence of multiple overlapping class actions raises the risk of reverse auctions where the defendants pick the most vulnerable or compliant plaintiff with which to settle and bind all other suits."); **In re GMC Pick-Up Truck Fuel Tank Prods. Liab. Litig.**, 55 F.3d 768, 788 (3d Cir. 1995) ("[B]ecause the court does not appoint a class counsel until the case is certified, attorneys jockeying for position might attempt to cut a deal with the defendants by underselling the plaintiffs' claims relative to other attorneys.").

Wolf Haldenstein's decision to release Casad and attempt to circumvent the Fed. R. Civ. P. 23(g) process by filing a joint stipulation *with Defendants* concerning appointment of interim lead

counsel *for Plaintiffs* is inappropriate and this Court should not countenance it.

This Court should reject any attempt by Wolf Haldenstein to appoint itself interim class counsel in collusion with defendants, and the Southern District of Texas should conduct an open and transparent process to appoint class counsel among competing candidacies in accordance with Fed. R. Civ. P. 23(g).

Pursuant to District of Oregon Local Rule 5-1(b), I seek an exemption from CM/ECF electronic filing requirements for the sole purpose of filing this letter and any subsequent responses.

<div style="margin-left:40%">

Respectfully submitted,

/s/ **John Radice**

John Radice
RADICE LAW FIRM, P.C.
34 Sunset Blvd
Long Beach, NJ 08008
Tele: (646) 245-8502
Fax: (609) 385-0745
jradice@radicelawfirm.com

Counsel for plaintiff Laura Braley in
*Braley v. Ahmed, et al.*, 17-cv-3064 (S.D. Tex.)

</div>